IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA SHAFER,<br><br>    Plaintiff,<br><br>    v.<br><br>SKYLINE ADVANCED<br>TECHNOLOGY SERVICES, et al.,<br><br>    Defendants. | Case No. 19-cv-00787-CRB<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT** |

This case involves an employment dispute between Plaintiff Sabrina Shafer ("Shafer") and Defendant Skyline Advanced Technology Services ("Skyline").[1] The Court dismissed Shafer's case against Skyline after Skyline's Motion for Sanctions brought to light Shafer's destruction of evidence. See R. & R. re Mot. for Sanctions (Dkt. 98) ("R. & R."); Order on R. & R. (Dkt. 103). Shafer now moves to set aside the judgment in the case, arguing that Skyline was not forthcoming in its Motion for Sanctions with regard to its ability to back up the data on Shafer's Skyline-issued laptop. See generally Mot. to Set Aside J. (Dkt. 120). As discussed below, while Shafer's declaration is arguably timely, it is not clear and convincing evidence of fraud or other misconduct by Skyline, Shafer was not prevented from fully and fairly presenting her case, and, even assuming that Skyline's actions constituted fraud, such fraud would not have an effect on the judgment. Thus, the Court DENIES Shafer's Motion to Set Aside Judgment.

---

[1] Although there are two related cases involved in this dispute—Skyline Advanced Technology Services v. Shafer, No. 18-cv-6641-CRB, and Shafer v. Skyline Advanced Technology Services, No. 19-cv-787-CRB, Shafer filed the Motion to Set Aside Judgment in the latter case. The Court will refer to docket entries in No. 19-cv-787-CRB herein unless otherwise noted.

## I. BACKGROUND

In February 2016, Skyline, a California corporation, hired Shafer, a resident and citizen of Illinois and a licensed attorney, to serve as Director of Training and Service Sales. Compl. (Dkt. 1) ¶¶ 4–5, 10–11. Shafer's employment agreement stated that she would receive a base salary plus additional tiered commission payments based upon sales revenue. See Emp. Agreement (Dkt. 11-7) at 2. The agreement also stated that Skyline would provide Shafer with a cellphone, laptop, and landline phone. Id. Skyline terminated Shafer in September 2018. Compl. ¶ 21. Skyline then filed an action against Shafer in the Northern District of California ("Skyline Case"), and Shafer filed a subsequent, separate action against Skyline in the Northern District of Illinois ("Shafer Case"). See Skyline Advanced Technology Services v. Shafer, No. 18-cv-6641-CRB; Shafer v. Skyline Advanced Technology Services, No. 19-cv-787-CRB. The Shafer Case was transferred to this district and assigned to this Court. See District Transfer (Dkt. 22); Order Reassigning Case (Dkt. 38).

### A. The Two Lawsuits

Central to the Skyline Case is a contract between Skyline and two other corporations that Shafer negotiated on Skyline's behalf during the summer of 2018. R. & R. at 2, 4. In the Skyline Case, Skyline alleged that Shafer "committed various acts of misconduct" including breach of contract, breach of fiduciary duty, breach of loyalty, fraudulent concealment, fraudulent misrepresentation, and conversion "in the negotiation and execution of a three-way contract between Skyline and two other corporations (Cisco and Xentaurs)." Id. at 2. "Because Skyline enjoyed a preferred trading partner status with Cisco, Cisco would often have non-partner vendors, such as Xentaurs, enter into a contract with partners such as Skyline in order to do business with Cisco." Id. Skyline alleged that while Shafer was negotiating the contract on its behalf, she was engaged in an undisclosed romantic relationship with Joe Onisick ("Onisick"), who represented Cisco in the contract. Id. Skyline also alleged that Shafer and Onisick were secretly working for Xentaurs while they were negotiating the contract for Skyline and Cisco, respectively, and negotiated a

deal that was unfavorable to both Skyline and Cisco in order to provide themselves and their new employer, Xentaurs, with a financial benefit.  Id.  Onisick had been working for Xentaurs since May 1, 2018, and Shafer finalized her agreement with Xentaurs on August 23, 2018.  Id. at 4.  Skyline further alleged that Shafer took significant steps to "conceal her activities, for example: using her personal email accounts to orchestrate the conspiracy with Onisick; submitting fraudulent reimbursement requests to Skyline for Uber rides to Onisick's residence; and, by refusing to return two Skyline laptops in her possession (which contained proprietary information that was valuable to Skyline)" even after Skyline filed its complaint.  Id. at 3.

In the Shafer Case, Shafer brought Illinois state law claims against Skyline for conspiracy, wage payment and collection, breach of contract, and defamation.  See generally Compl.  Shafer alleged that Skyline and a number of its employees and shareholders conspired not to pay her final commissions "in excess of $650,000" and defamed her through accusations that she stole two Skyline laptops, engaged in sexual relationships with Skyline customers, and lacked integrity or the ability to perform her job duties.  Id. ¶¶ 30, 37, 54, 62.  This Court subsequently dismissed the defamation and conspiracy claims.  See Order on Mot. to Dismiss (Dkt. 50).

### B.     The Motion for Evidentiary and Monetary Sanctions

In May 2020, Skyline filed a Motion for Sanctions in both the Skyline Case and the Shafer Case, alleging that Shafer had spoliated evidence.  Mot. for Sanctions (Dkt. 91).  In its motion, Skyline alleged that Shafer destroyed numerous pieces of evidence important to the litigation even after she was aware that litigation was imminent.[2]  Id. at 8–9.  This evidence included all data on Shafer's Skyline-owned laptop (Shafer asserts that the second laptop belonged to Cisco, R. & R. at 18), numerous emails forwarded from her Skyline email account to her personal account, all communications between herself and Xentaurs on her personal email account, all communications with the individuals at

---

[2] Skyline contends that litigation was imminent as of August 31, 2018, when Shafer sent an email formally requesting a conversation with Skyline's legal counsel and HR officer.

Skyline whom she alleged had defamed her, and all communications with Onisick, including over three thousand text messages they exchanged during the contract negotiation. Mot. for Sanctions at 9–10. Skyline provided evidence suggesting that two days prior to her termination, Shafer forwarded seventy-five emails from her Skyline email to her personal email, but only produced fifteen of those emails in discovery. R. & R. at 5. When Skyline received the laptop in Shafer's possession on October 25, 2018, it had been wiped of all data; in addition, Shafer never returned the two Skyline hard drives allegedly also in her possession at that time. Id. at 6. When pressed in her deposition about the missing evidence, Shafer stonewalled, answering that "she did not know, or did not recall, in response to over 300 questions." Id. at 7–8.

In her response to the Motion for Sanctions, Shafer claimed that she was given the laptops to keep as her own property, was told that all the data on her Skyline-issued laptop would be backed up to Skyline's computer server, and was merely holding on to the laptop while she awaited her final commission payment from Skyline after her termination. Id. at 9. She explained that she was no longer in possession of the emails and texts relevant to the lawsuit because she had long had an "information management practice" of regularly deleting emails and texts no longer of use to her. Id. at 10. She further stated that because she believed that Skyline could remotely plant software on the Skyline-issued laptop after her termination, she had the laptop's hard drive replaced. Id. She did not state what she did with the original hard drive. Id. Shafer also conceded in her response that she had an obligation to preserve evidence, and maintained that litigation was imminent starting on October 2, 2018 when she received a letter from Skyline's counsel telling her to "preserve all evidence because Skyline was investigating her activities during the period she worked for the company." Id. at 11. However, she continued to destroy evidence even after this point, including wiping all data off the laptop ten days later. Id.

In its reply, Skyline noted the inconsistencies between Shafer's affidavit in the response to the Motion for Sanctions and her deposition testimony. Id. at 12. For instance, in her affidavit, Shafer indicated that she replaced the laptop's hard drive after her

4

termination, whereas in her deposition, she indicated that she did not alter the laptop in any way and returned it in the same condition, "with everything that was on it on her last day of employment with Skyline." Id. at 12–13. In connection with its reply brief, Skyline submitted a declaration of Ed Misley ("Misley"), Director of Information Technology at Skyline. See Misley Decl. (Dkt. 95-2). Misley declared that Shafer did not own the laptop, nor did Skyline have the capability to back up the laptop remotely or save a copy of the information on the laptop. Id. at ¶ 3, 7.

In his Report and Recommendation on the Motion for Sanctions, Magistrate Judge Ilman found that August 23, 2018 was the date that Shafer's duty to preserve evidence was triggered. R. & R. at 16. August 23, 2018 was the date that Shafer signed her contract with Xentaurs unbeknownst to Skyline and, thus, would have reasonably foreseen litigation. Id. But because Skyline had previously requested that the date be fixed at August 31, 2018, Magistrate Judge Ilman accepted that date. Id. at 16–17.

Magistrate Judge Ilman also found that Shafer deleted text and email communications with Onisick "specifically to frustrate Skyline's efforts to conduct discovery and as part of a concerted effort to cover [her] evidentiary tracks." Id. at 18. Further, primarily due to Shafer's inconsistent story on the ownership and fate of the laptops and hard drive, Magistrate Judge Ilman found that Shafer willfully spoliated evidence—evidence that Magistrate Judge Ilman determined would have been at the heart of Skyline's defense in the Shafer Case. Id. at 19–20. Because of Shafer's willful behavior, Magistrate Judge Ilman recommended imposing sanctions on Shafer, dismissing the Shafer Case and including an adverse inference jury instruction against Shafer in the Skyline Case. Id. at 22–24. This Court adopted the Report and Recommendations on the Motion for Sanctions on July 30, 2020, and dismissed the Shafer Case. See Order on R. & R.

C. **The Motion to Set Aside Judgment**

On May 19, 2021, Shafer filed a Motion to Set Aside Judgment in the Shafer Case. See Mot. to Set Aside J. In the Motion, she alleges that Skyline's representations that it

did not have the ability to "remotely backup the laptops and hard drives of its employees, including the hard drive of the laptop used by Shafer" were false. Id. at 1. Shafer seeks to discredit the Misley Declaration that Skyline filed in connection with its reply brief in the Motion for Sanctions. See id. She alleges that Misley's statements that Skyline had no copies of the data on her Skyline laptop or hard drive were false. See id. at 1–2.

As evidence of this misrepresentation, Shafer points to the declaration of Rick Kollins ("Kollins"), a former employee of Skyline, submitted with her motion. Id. at 2. Kollins declares that he has worked as an information technology engineer for forty years, including working for Skyline from 1982 to 2015, and again from Spring 2016 to October 2018. Kollins Decl. (Dkt. 120-3) ¶ 1. He further states that during his time at Skyline, data generated in connection with Skyline's business, including emails, were routed through Skyline's central network and stored locally on its servers, and the only way that this stored data no longer exists is "if Skyline trashed the back-ups." Id. ¶ 8. In addition, he states that, starting in 2015, Skyline implemented procedures for regularly backing up its employees' laptops. Id. ¶ 9. Kollins does not mention Shafer's Skyline laptop or hard drive at any point in the declaration. See generally id. In the Motion to Set Aside Judgment, Shafer requests leave to conduct limited discovery and permission to amend the Motion with additional evidence obtained through that discovery. See Mot. to Set Aside J. at 12.

Skyline responds that Shafer's motion ignores that she destroyed thousands of emails and text messages, destroyed evidence from the laptop, and provided conflicting testimony on the fate of the laptop and hard drive. Opp'n to Mot. to Set Aside J. (Dkt. 123) at 1. Skyline further argues that the Motion to Set Aside the Judgment does not discredit the statements made in the Misley Declaration, as Kollins never asserts in his declaration that Skyline had a backup of the data on Shafer's laptop and hard drive. Id. at 2. Skyline also notes that the Kollins Declaration contains numerous inaccuracies, including its statement that Kollins started working at Skyline in 1982, even though Skyline did not exist until 1998, and making statements about Skyline's practices in 2015,

even though Kollins was not employed by Skyline in 2015. Id. at 8.

In her reply, Shafer counters that she is not challenging the finding of spoliation, but rather argues that the remedy is disproportionately harsh in light of Skyline's alleged misrepresentations. See Reply to Opp'n to Mot. to Set Aside J. at 2. She presents no further evidence in her reply to support her contention that Skyline misrepresented the facts in its Motion for Sanctions. See generally id.

## II. LEGAL STANDARD

Under Rule 60(b)(3) of the Federal Rules of Civil Procedure, a losing party may be relieved from a final judgment or order on the basis of "fraud, . . . misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). "A motion under Rule 60(b) must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting [its position]." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000). If a party had the opportunity to dispute the alleged misrepresentation engaged in by the opposing party or to conduct further discovery to determine if the opposing party was indeed engaged in misrepresentation or fraud, the judgment will not be set aside. See Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991); In re M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987). Where there is evidence of fraud, the judgment will only be set aside if the alleged misconduct affects the judgment. See Alexander v. Robertson, 882 F.2d 421, 425 (9th Cir. 1989) (holding that although fraud on the court was proven, it would be "fruitless" to set aside judgment when the moving party would still lose).

## III. DISCUSSION

Although Shafer's Motion to Set Aside Judgment is (A) timely, the Court nonetheless denies the Motion, because (B) Shafer fails to provide clear and convincing

evidence of fraud or misrepresentation by Skyline; (C) Shafer was not prevented from fully and fairly presenting her case; and (D) the alleged fraud would have no effect on the judgment.

### A. Timeliness of Motion

Shafer's Motion to Set Aside Judgment was timely. "A motion under Rule 60(b) must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). Shafer arguably did not make her Motion to Set Aside Judgment "within a reasonable time," as she could have obtained a declaration from Kollins prior to the judgment on the Motion for Sanctions and makes no mention of why she waited until ten months after the judgment to present this declaration to the Court, except to say that she did not become aware of the alleged misrepresentation until February 2021. See Mot. to Set Aside J. at 7. But accepting Shafer's motion as timely is not prejudicial to Skyline, because, as discussed below, this Court denies Shafer's Motion to Set Aside Judgment on other grounds. Because courts in the Ninth Circuit have generally accepted Rule 60(b)(3) motions as timely so long as they were made within a year of entry of judgment, the Court finds that Shafer's Motion to Set Aside Judgment was timely. See Am. Tel. & Tel. Co. v. United Comput. Sys., Inc., 5 F.3d 534, 1993 WL 360778, at *2 (9th Cir. Sept. 15, 1993) ("A Rule 60(b) motion must be made within one year after entry of judgment. AT&T's motion to vacate the confirmation order was timely.") (citations omitted); see also De Saracho v. Custom Food Mach., 182 F.R.D. 601, 608 (N.D. Cal. 1998) (holding that the Rule 60(b)(3) motion was timely filed where it was made over nine months after entry of judgment).

### B. Clear and Convincing Evidence

The Kollins Declaration, Shafer's only support for her Motion to Set Aside

8

Judgment, is not clear and convincing evidence of fraud, misrepresentation, or other misconduct by Skyline. Shafer argues that the Kollins Declaration is definitive proof that Skyline misrepresented its ability to back up the data on her laptop and, thus, lied about its inability to access that data in discovery. See Mot. to Set Aside J. at 4.

Specifically, Shafer argues that the Misley Declaration submitted with Skyline's reply brief in the Motion for Sanctions "is directly contradicted by Rick Kollins." Mot. to Set Aside J. at 2. Shafer cites a case from the Third Circuit—Est. of Murdoch v. Pennsylvania, 432 F.2d 867 (3rd Cir. 1970)—to argue that this Court should "take[] as true evidence attached to a Rule 60(b)(3) motion which tends to refute the prior affidavits submitted." Mot. to Set Aside J. at 8. Kollins declares that he worked for Skyline between 1982 and 2015 and 2016 and 2018. Kollins Decl. ¶ 1. Taking the Kollins Declaration at face value, it appears to contradict Skyline and Misley's statements that Skyline was unable to remotely back up Shafer's laptop. See id. ¶ 8 ("All the data generated in connection with Skyline's business passed through . . . the Skyline centralized computer network . . . including the emails and electronic documents generated by Skyline's employees. These back-ups were stored by Skyline locally on Skyline's servers."). As Shafer was a Skyline employee between 2016 and 2018, R. & R. at 1–2, if Skyline was remotely backing up "all the data . . . generated by Skyline's employees" during that time, it follows that Skyline was remotely backing up all the data generated by Shafer on her Skyline-issued laptop. Kollins Decl. ¶ 8.

But factual discrepancies undermine the credibility of the Kollins Declaration. Kollins declares that he started working for Skyline in 1982. Id. ¶ 1. But Skyline did not exist until 1998. See Skyline Articles of Incorporation (Dkt. 125-1) at 2. Kollins further notes that "while [he] worked there, Skyline implemented procedures for routinely and regularly backing up its computer systems, which from about 2015 forward included procedures for implementing remote back-ups of laptops used by employees." Kollins Decl. ¶ 9. But as Kollins' own resume indicates, Kollins Resume at 2, Kollins was not employed by Skyline between 2011 and April 1, 2016, and he does not assert that he later

9

became aware of company practices in 2015.  See Kollins Notice of Claim to Benefit Chargeable Employer (Dkt. 125-1) at 2.  Shafer makes no mention of these discrepancies in her reply to Skyline's Opposition to the Motion to Set Aside Judgment.  See generally Reply to Opp'n to Mot. to Set Aside J.  Because of the Kollins Declaration's factual discrepancies, it does not rise to the level of clear and convincing evidence of fraud or misrepresentation by Skyline regarding its ability to remotely back up Shafer's Skyline laptop and hard drive.  And even if this Court were to find that the Kollins Declaration is clear and convincing evidence of fraud by Skyline, Shafer's Motion to Set Aside Judgment fails for other reasons, as discussed below.[3]

### C. Shafer's Ability to Fully and Fairly Present Her Case

Shafer has not demonstrated that she was prevented from fully and fairly presenting her opposition to Skyline's Motion for Sanctions.  To prevail on a motion to set aside judgment, the moving party must show that "the conduct complained of prevented the losing party from fully and fairly presenting [its position]." De Saracho, 206 F.3d at 880.  If the moving party had the opportunity to dispute the opposing party's alleged misrepresentation or to conduct further discovery to determine if the opposing party was indeed engaged in misrepresentation or fraud, courts have declined to set aside judgment.  See, e.g., In re M/V Peacock, 809 F.2d at 1405 (holding that the moving party was not prevented from fully and fairly presenting her case where she had an incentive to discover the alleged misrepresentation and was able to discover the alleged misrepresentation); Casey, 362 F.3d at 1260 (denying the moving party's request for relief from judgment where the fraud was "discoverable by due diligence before or during the proceedings"); Sathianathan v. Smith Barney, Inc., No. C04-02130 SBA, 2009 WL 537158, at *5 (N.D. Cal. March 3, 2009) (holding that the moving party was not entitled to Rule 60(b)(3) relief where he had the opportunity to dispute allegedly false testimony contained in the opposing party's motion and reply brief but failed to do so and the allegedly false

---

[3] As such, there is no need to conduct an evidentiary hearing to determine the legitimacy of Kollins's or Misley's declarations.

testimony had no impact on the court's analysis of the opposing party's motion).

Here, Shafer did have an incentive to discover the alleged misrepresentation and was able to discover the alleged misrepresentation. In her response to the Motion for Sanctions, she asserted that she believed that all the information on her laptop was backed up onto Skyline's servers. R. & R. at 9; see also Mot. to Set Aside J. at 5. Shafer had an incentive and was able to discover the alleged misrepresentation in order to fully present her case, but failed to do so. See In re M/V Peacock, 809 F.2d at 1405.

In her Motion to Set Aside Judgment, Shafer makes the conclusory allegation that "[b]ecause of Skyline's misrepresentations," she was unable to present conclusions regarding Skyline's alleged ability to back up her laptop and hard drive. Mot. to Set Aside J. at 11. But Shafer does not explain how these misrepresentations prevented her from presenting her conclusions, given that she did present the conclusion in her Opposition to the Motion for Sanctions that she believed Skyline had a backup of the information on her Skyline laptop and hard drive. See R. & R. at 9.

Furthermore, as discussed below, Skyline's representations about its inability to remotely back up Shafer's laptop were not determinative as to the sanctions. See generally R. & R. (making no mention of the Misley Declaration). Thus, Shafer was not prevented from fully and fairly presenting her opposition to sanctions. See Sathianathan, 2009 WL 537158, at *5.

### D. Kollins Declaration's Effect on the Judgment

Even if the Kollins Declaration were proof of fraud or misrepresentation by Skyline, it would not have any effect on the judgment. Where there is evidence of fraud, the judgment will only be set aside if the alleged misconduct affects the judgment. See Alexander, 882 F.2d at 425; see also Perez v. Rash Curtis & Assocs., No. 4:16-cv-03396-YGR, 2020 WL 1904533, at *12 (N.D. Cal. Apr. 17, 2020). Under Rule 37(e), if a party fails to take reasonable steps to preserve electronically stored information in anticipation or in the midst of litigation and the information cannot be restored or replaced, a court may dismiss the action if the party in question "acted with the intent to deprive another party of

the information's use in the litigation." Fed. R. Civ. P. 37(e). But a court may also dismiss a case where a party "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). "Destruction of evidence is considered willful spoliation when a party has some notice that documents were potentially relevant to litigation before they were destroyed." R. & R. at 19 (citing Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006)).

     Even if the Court were to assume that Skyline could have restored or replaced the information on Shafer's Skyline laptop—which is wholly inconsistent with Skyline's actions, such as providing a hard drive for Shafer to back up the information on her computer and requesting that she preserve all evidence on her computer in anticipation of litigation—Shafer still willfully deceived the Court and willfully spoliated evidence—from her laptop and other sources. Id. at 22 (noting that Shafer engaged in "willful evidentiary spoliation" and deliberately engaged in "deceptive practices that undermine[d] the integrity of judicial proceedings"). Shafer, a lawyer, not only wiped the laptop of data after Skyline asked her to preserve all evidence, but also deleted all of her text message and email communications with Onisick and Xentaurs, offered conflicting testimony regarding the fate of the Skyline laptop and hard drive, and stonewalled Skyline in her deposition. Id. at 13, 17–19. These actions are sufficient under the circumstances to support a dismissal of the case. See id. at 22 ("[T]he combination of willful evidentiary spoliation . . . attended with such wildly inconsistent, and patently false, testimony by a private party who is a licensed attorney and an officer of the courts, warrants no lesser sanction"); see also Wyle, 709 F.2d at 589; Anheuser-Busch, Inc. v. Nat. Beverage Distribs., 69 F.3d 337, 355 (holding that dismissal of the case was an appropriate sanction where the opposing party provided conflicting testimony regarding the fate of documents relevant to the case and withheld the documents from the moving party in discovery).

     Because the Kollins Declaration would have no effect on the judgment and the sanctions remain appropriate even if the Kollins Declaration were evidence of fraud, the

Court sees no reason to set aside judgment. See Alexander, 882 F.2d at 425.

IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES the Motion to Set Aside Judgment.

**IT IS SO ORDERED.**

Dated: June 29, 2021



CHARLES R. BREYER
United States District Judge